

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00245-CR

---

ROGELIO SOTO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 24-4324, Honorable Reed Filley, Presiding

---

December 5, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1] Pursuant to a plea agreement, Appellant, Rogelio Soto, was placed on deferred adjudication community supervision for four years for the offense of assault family violence and assessed a $1,000 fine.[2] Approximately five months later,

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] TEX. PENAL CODE § 22.01(b)(2)(B).

the State moved to adjudicate guilt alleging Appellant violated numerous conditions of his community supervision including commission of new offenses, delinquencies in financial obligations, and failure to complete any hours of community service. At a hearing on the State's motion, Appellant entered pleas of not true to all allegations. After presentation of testimony, the trial court found the State established the alleged allegations and sentenced Appellant to confinement for ten years for the original offense and also pronounced a $10,000 fine.

In support of his motion to withdraw, counsel certifies he has conducted a professional evaluation of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response

---

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a response.

**ANALYSIS**

By this *Anders* appeal, counsel evaluates the proceedings and candidly concedes there is no reversible error presented in the record. He concludes there are no nonfrivolous grounds to support an appeal.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The trial court's *Judgment Adjudicating Guilt* is affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.

3